1
2
3
4
5
6
7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

SACRAMENTO DIVISION

11

12

HARPAL SINGH CHEEMA,

Case No.  2:05-CV-0985 GEB JFM

13

Plaintiff,

**STIPULATED PROTECTIVE**

14

v.

**ORDER**

15

16
MARK CHANDLESS, Warden, Yuba County
Jail; VIRGINIA BLACK, Yuba County Sheriff;
NANCY ALCANTAR, Field Office Director,

17
Detention and Removal, U.S. Immigration and
Customs Enforcement; MICHAEL J. GARCIA,

18
Assistant Secretary, U.S. Immigration and
Customs Enforcement; VICTOR CERDA,

19
Acting Director, Office of Detention and
Removal, U.S. Immigration and Customs

20
Enforcement,

21

Defendants.

22

23          Each party recognizes that some of the documents and information which have been and

24    may be produced in this action may include confidential, private, personnel and/or financial

25    information.  To preserve the confidentiality of such information, each party, through their

26    respective counsel of record, agrees as follows, subject to the approval of the Court:

27          1.          While any information or materials produced by any party or nonparty as part of

28    discovery in this action may be designated by such party or nonparty as "Confidential" pursuant

G:\DOCS\MOU\DMOU1\CIVIL\Cheema.po.DOC

**STIPULATED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

to the terms of this Protective Order, generally, "Confidential Information" under this Protective Order should generally consist of documents relating to third-party complaints, from inmates and detainees who are not a party to this litigation, concerning their incarceration.

2.     As a general guideline, information or materials designated as "Confidential" shall be those things that may be disclosed to the parties for the purposes of the litigation, but which must be protected against disclosure to third parties.  Examples of such information or materials include materials a party reasonably and in good faith believes contain or disclose information that the party does not or would not publicly disclose, or information that a party is under a preexisting obligation to maintain as confidential.  Absent a specific order by this Court, information designated as "Confidential" shall be used by the parties and their counsel solely in connection with this litigation, and not for any purpose or function, or any other litigation, and such information shall not be disclosed to anyone except as provided herein.

3.     The designation of information or material as "Confidential" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

(a)     in the case of documents, exhibits, briefs, memoranda, declarations, responses to written discovery or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "Confidential" to each page containing any confidential information or material.

(b)     in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" hereunder; or (ii) by written notice of such designation sent by counsel to all parties within thirty (30) days after the mailing to counsel of the transcript of the deposition or within thirty (30) days after the Court executes this Order, whichever date is later.  During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential."  The parties shall treat all

**STIPULATED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

deposition and other pretrial and trial testimony as "Confidential" hereunder until the expiration of thirty (30) days after the mailing to counsel of the transcript of the testimony or thirty (30) days after the Court executes this Order, whichever date is later.  Unless so designated, any confidentiality is waived after the expiration of the relevant 30-day period unless otherwise stipulated or ordered.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court.  If any document or information designated as "Confidential" is used during the course of a deposition, that portion of the deposition record reflecting such confidential information shall be sealed and stamped confidential, and access thereto shall be limited pursuant to the terms of this Protective Order.

(c)     With respect to any testimony elicited during any deposition, whenever counsel for any party deems that any question or line of questioning calls for or has resulted in disclosure of information that should be treated as "Confidential" and any person is in attendance at the deposition who is not a party to whom disclosure of such information is permitted pursuant to this Order, and such person is not the witness being examined, such person shall be excluded from those portions of the proceeding during which disclosure of the information designated "Confidential" occurs.

4.     Information or material designated as "Confidential," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)     any authors or recipients of the Confidential Information, excluding any unauthorized recipients;

(b)     parties to this action, to the extent deemed necessary by counsel;

(c)     the parties' respective counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

G:\DOCS\MOU\DMOU1\CIVIL\Cheema.po.DOC

**STIPULATED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

1    (d)    consultants as defined in Paragraph 5 herein and conditioned upon

2    compliance with Paragraph 6 herein;

3    (e)    the Court and those employed by the Court, pursuant to Paragraph 8

4    herein;

5    (f)    professional vendors, including, but not limited to, court reporters,

6    videographers, document reproduction and imaging vendors, and their respective employees, to

7    whom disclosure is reasonably necessary for this litigation and who have agreed to be bound by

8    and comply with this Protective Order;

9    (g)    third party contractors, including their employees and agents, involved

10   solely in one or more aspects of design services for preparation of demonstrative exhibits,

11   organizing, filing, copying, coding, converting, sorting, translating, or retrieving data or

12   designing programs for handling data connected with this action, including the performance of

13   such duties in relation to a computerized litigation support system, subject to and conditioned

14   upon compliance with Paragraph 6 herein;

15   (h)    jury or trial consulting services retained by counsel for a party, subject to

16   and conditioned upon compliance with Paragraph 6 herein; and

17   (i)    any other person only upon order of the Court or upon written consent of

18   the party that originally produced or designated the information or material as confidential.

19   5.    For purposes of Paragraph 4(d) herein, a "consultant" shall be defined as a person

20   who is retained or employed as a bona fide consultant or expert for purposes of this litigation,

21   whether full or part time, by or at the direction of counsel for a party.

22   6.    Notwithstanding Paragraph 4 herein, material designated as "Confidential" also

23   may be shown to non-party witnesses and to their respective counsel during the depositions of

24   such non-party witnesses, and may be marked as exhibits to those depositions, provided that all

25   of the following conditions are satisfied:

26   (a)    Material designated as "Confidential" shall not be attached to any copies of

27   deposition transcripts provided to non-party witnesses (except witnesses, experts, and consultants

28   authorized to receive such materials pursuant to this Order); and

-4-

G:\DOCS\MOU\DMOU1\CIVIL\Cheema.po.DOC

**STIPULATED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

(b)     Material designated as "Confidential" shall not be shown to a non-party witness unless the party showing such material to the non-party witness believes in good faith that: (i) such witness has specific information regarding the material or events reflected in the material, (ii) that the material would refresh the recollection of the witness regarding the material or events as to which the witness has specific information, or (iii) disclosure is necessary for a full and complete examination of the witness.

7.     Any party or person filing with this Court material subject to this Order that has been designated as "Confidential," including pleadings, motions, briefs, discovery responses, transcripts or depositions, shall file and/or lodge those papers in compliance with the Federal Rules of Civil Procedure, including, but not limited to, Rules 26 and 29, and the Local Rules of the Court for the Eastern District of California.

8.     No party shall be obligated to challenge the propriety of the designation of any material as "Confidential" and a failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such material or the information contained therein to persons not identified in this Order, or from otherwise modifying the provisions of this Order.  Should any party raise an objection to the other party's designation of any material as "Confidential," the party asserting the "Confidential" nature of any such material shall bear the burden of proving the basis for that designation.

9.     A party may challenge another party's designation of information or materials produced herein as "Confidential" by serving a written objection upon the producing party.  The producing party shall notify the challenging party in writing of the bases for the asserted designation within ten (10) business days after receiving any written objection.  The parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging party has received the notice of the bases for the asserted designation.  To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application to this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of

**STIPULATED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

1  protection provided.  Until a dispute over the asserted designation is finally resolved by the

2  parties or the Court, all parties and persons shall treat the information or materials in question as

3  designated as "Confidential."

4       10.     All "Confidential" information and material covered by this Protective Order shall

5  be kept in secure facilities, and access to those facilities shall be permitted only to those

6  designated persons set forth above as persons properly having access thereto.

7       11.     All counsel for the parties who have access to information or material designated

8  as "Confidential" under this Protective Order acknowledge they are bound by this Order and

9  submit to the jurisdiction of this Court for purposes of enforcing this Order.

10       12.     Entering into, agreeing to, and/or producing or receiving information or material

11  designated as "Confidential" or otherwise complying with the terms of this Protective Order

12  shall not:

13       (a)     operate as an admission by any party that any particular information or

14  material designated as "Confidential" contains or reflects trade secrets, proprietary or

15  commercially sensitive information, or any other type of private or confidential information;

16       (b)     operate as an admission by any party that the restrictions and procedures

17  set forth herein constitute or do not constitute adequate protection for any particular information

18  deemed by any party to be "Confidential";

19       (c)     prejudice in any way the rights of the parties to object to the production of

20  documents they consider not subject to discovery;

21       (d)     prejudice in any way the rights of any party to object to the authenticity or

22  admissibility into evidence of any document, testimony or other evidence subject to this

23  Protective Order;

24       (e)     prejudice in any way the rights of a party to seek a determination by the

25  Court whether any information or material should be subject to the terms of this Protective

26  Order;

27       (f)     prejudice in any way the rights of a party to petition the Court for a further

28  protective order relating to any purportedly confidential information; or

G:\DOCS\MOU\DMOU1\CIVIL\Cheema.po.DOC

**STIPULATED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

(g)     prevent the parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

13.     This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.  Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, information or material designated as "Confidential" obtained lawfully by such party independently of any proceedings in this action, or which:

(a)     was already known to such party by lawful means prior to acquisition from, or disclosure by, another party in this action;

(b)     is or becomes publicly known through no fault or act of such party; or

(c)     is rightfully received by such party from a third party which has authority to provide such information or material and without restriction as to disclosure.

14.     If a party inadvertently produces "Confidential" information without marking it as such, as soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraph 4 above, as well as any copies made by such persons and must discontinue any impermissible use of the information.

15.     The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises, and inspection of books, records, documents, and tangible things.

16.     It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the Court on notice to the other parties hereto and to any nonparty that has disclosed information in reliance on this Protective Order, for good cause.

G:\DOCS\MOU\DMOU1\CIVIL\Cheema.po.DOC

**STIPULATED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

17.     The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties and affected nonparties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

18.     The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom.  Unless the court orders otherwise, within thirty (30) days after receiving notice of the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, all persons having received information or material designated as "Confidential" hereunder shall return such material and all copies thereof (including summaries and excerpts) to counsel for the producing party or, alternatively, shall destroy such material and provide written certification of such destruction to counsel for the producing party.  Notwithstanding the foregoing, the undersigned counsel shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including court papers, transcripts, and attorney work product that contain information or material designated as "Confidential") provided that such counsel, and employees of such counsel, shall not disclose any such information and material designated as "Confidential" contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the producing party of the information or material. All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

19.     In the event that any information or material designated as "Confidential" hereunder is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as "Confidential" through such use.  Counsel for the parties shall confer on such procedures as are reasonable and appropriate to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in the pre-trial order.

G:\DOCS\MOU\DMOU1\CIVIL\Cheema.po.DOC

**STIPULATED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

20.     If any party: (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information or material which was produced or designated as "Confidential" by someone other than that party, the party shall give prompt actual written notice, by hand or facsimile transmission, within ten (10) days of receipt of such subpoena, demand or legal process, to those who originally produced or designated the information or material "Confidential" and shall furnish the producing party with a copy of said subpoena or other process or order, shall object to its production by setting forth the existence of this Protective Order, and shall reasonably cooperate with respect to any procedure sought to be pursued by the party whose interest may be affected.  The producing party asserting the confidential treatment shall have the burden of defending against such subpoena, process or order.  Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

Dated:  April __, 2006                      WILSON SONSINI GOODRICH & ROSATI
                                            Professional Corporation


                                            By: _____/s/_____
                                                        Mark Parnes

                                            Attorneys for Plaintiff
                                            HARPAL SINGH CHEEMA


Dated:  April __, 2006                      PORTER, SCOTT, WEIBERG, & DELEHANT
                                            A Professional Corporation


                                            By: _____/s/_____
                                                        John Whitefleet

                                            Attorneys for Defendants
                                            MARK CHANDLESS and VIRGINIA
                                            BLACK

G:\DOCS\MOU\DMOU1\CIVIL\Cheema.po.DOC
**STIPULATED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

1    Dated:  April __, 2006          McGREGOR W. SCOTT
                                               UNITED STATES ATTORNEY

2

3                                                By: _____/s/_____
                                                     Yoshinori H. T. Himel

4                                                      Assistant U.S. Attorney

5                                              Attorneys for Defendants
                                             NANCY ALCANTAR, MICHAEL J.

6                                              GARCIA and VICTOR CERDA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

         G:\DOCS\MOU\DMOU1\CIVIL\Cheema.po.DOC

**STIPULATED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com

1

**IT IS SO ORDERED**.

2

3    Dated:  April 27, 2006.                    /s/John F. Moulds
                                                John F. Moulds
4                                               United States Magistrate Judge
                                                United States District Court
5

6

7    /cheema.po

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-                    G:\DOCS\MOU\DMOU1\CIVIL\Cheema.po.DOC

**STIPULATED PROTECTIVE ORDER**

PDF created with pdfFactory trial version www.pdffactory.com